UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60585-DIMITROULEAS/AUGUSTIN-BIRCH

KELLI BOWEN,

    Plaintiff,

v.

SHORE EXCURSION GROUP, LLC, *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This cause comes before the Court on Plaintiff Kelli Bowen's Motion for Default Judgment. DE 90. After granting Plaintiff's Motion as to liability, the Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a determination of the damages Defendants Swiss Travel Limited Corp. and Brisas de la Jungla owe. DE 97 at 2. This Court set an evidentiary hearing for October 29, 2024, but this Court also permitted Plaintiff to submit evidence to support the amount she seeks in damages. DE 103. Plaintiff submitted evidence to support her damages, DE 104-2; DE 104-3, and the Court finds this evidence sufficient to make a recommendation on Plaintiff's damages. Accordingly, the Court **CANCELS** the October 29, 2024 evidentiary hearing and **RECOMMENDS GRANTING** Plaintiff's Motion for Default Judgment [DE 90] as to damages and awarding Plaintiff $194,867.10 in damages.

### I. Background

Plaintiff sued three Defendants—Defendant Shore Excursion Group, LLC, Swiss Travel Limited Corp., and Brisas de la Jungla—for negligence as a result of a ziplining accident in Costa

Rica. DE 59. On the day in question, Plaintiff went ziplining at Defendant Brisas' zipline excursion park. *Id.* ¶ 14. After Plaintiff left the zipline platform and began her descent, Defendant Swiss' bus backed into the path of the zipline. *Id.* ¶ 15. Unaware of the bus and unable to stop herself, Plaintiff collided with the side of the bus. *Id.* ¶ 18. As a result of the collision, Plaintiff sustained a shattered left femur, a herniated disc with radiculopathy, and a pinched nerve. *Id.* ¶ 19.

Plaintiff agreed to dismiss her negligence claim against Defendant Shore Excursion Group. DE 73. As for Defendants Swiss and Brisas, both Defendants failed to respond after Plaintiff served them, and the Clerk of Court entered a default as to both Defendants. DE 58; DE 80. Thereafter, Plaintiff moved for default judgment against both Defendant Swiss and Brisas, DE 90, and Judge Dimitrouleas granted Plaintiff's Motion for Default Judgment as to liability and referred the determination of damages to the undersigned. DE 97 at 2.

## II. Analysis

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). In making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted).

After this Court afforded Plaintiff an opportunity to supplement the record with evidence of her damages, DE 103, Plaintiff supplemented the record. DE 104. As part of her

2

supplementation, Plaintiff claims $194,867.10 in medical expenses and includes a breakdown of how her total medical expenses are calculated. *See* DE 104-2. Additionally, Plaintiff provides the invoices for her medical expenses. *See* DE 104-3. The Court has reviewed Plaintiff's calculation of her medical expenses and the invoices and concludes that all of the essential evidence regarding Plaintiff's damages is already in the record. As such, the Court finds that an evidentiary hearing is unnecessary. Furthermore, the Court finds that Plaintiff has adequately explained and demonstrated her damages of $194,867.10. Accordingly, the Court determines that Plaintiff has sustained $194,867.10 in damages as a result of Defendant Swiss and Brisas' negligence.

### III. Recommendation

For the foregoing reasons, the Court **CANCELS** the October 29, 2024 evidentiary hearing and **RECOMMENDS GRANTING** Plaintiff's Motion for Default Judgment as to damages and awarding Plaintiff $194,867.10 in damages.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 24th day of September, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE